UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | :  Criminal Number: 06-105 (HHK) |
| v. | : |
| **LINDA STOVER,** | : |
| Defendant. | : |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Linda Stover. As will be discussed below in more detail, the government: (1) moves the Court for a two-level decrease in defendant's offense level because defendant appropriately accepted responsibility; (2) requests that defendant be sentenced to a term of probation to include community service which is within the sentencing Guideline range as determined in the Presentence Investigation Report ("PSR") and, (3) requests that the Court order defendant to pay restitution of $27,343.12 as stated in the PSR and agreed to by defendant in the plea agreement.

### I.  FACTUAL BACKGROUND

On May 25, 2006, Stover pled guilty before this Court to a one count Information charging Theft or Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A).

As agreed to by defendant and set forth in the Statement of Offense and the PSR, at pages 3-5, from May 20, 2002, through June 1, 2004, Linda Stover made a series of 22 unauthorized

payroll overpayments to herself while employed as an administrative assistant for the National Indian Business Association (NIBA).  NIBA, which was a nonprofit organization located in Washington, D.C., that represented the interests of American Indian and Alaskan Native business entities, received grant funds from the US Department of Health and Human Services, Administration for Families and Children and Administration for Native Americans (HHS).  In each instance, Stover made false entries in NIBA's payroll software thereby causing 22 electronic funds transfers (EFT) from NIBA's bank account held at Adams National Bank in Washington, D.C., to her personal bank account.  During the relevant time frame, HHS made hundreds of thousands of dollars in grant payments via EFT to NIBA's aforementioned account.  As a result of Stover's criminal actions, NIBA suffered a loss of $27,343.12.  Stover is scheduled to be sentenced on April 23, 2008.

## II.  UNITED STATES SENTENCING GUIDELINES

    A.    <u>Statutory Maximum Sentence</u>.

The maximum sentence that may be imposed on defendant is a fine of not more than $250,000 or imprisonment for not more than ten years, or both, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. Section 3571(d), a $100 special assessment, and a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

    B.    <u>Sentencing Guidelines Calculation</u>

The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness.  However, the government understands that a district court must consider the

guideline range, see § 3553(a)(4), and is usually well advised to follow the Sentencing Commission's advice, in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Here, the United States Sentencing Guidelines, § 3E1.1, provides for a two-level decrease in a defendant's offense level for acceptance of responsibility, and, upon motion of the government, for a defendant whose level is 16 or greater and who has in a timely manner advised the government of defendant's intent to plead guilty, an additional one-level decrease. Defendant meets the criteria for a two-level decrease and the government hereby moves that the Court grant her a two-level decrease in her offense level for acceptance of responsibility.

The probation officer believes, and the United States concurs, that defendant's total offense level, incorporating the two-level decrease for acceptance of responsibility, is 8, her criminal history is I, and her guideline range is 0 to 6 months of imprisonment. PSR, at pages 5-6, ¶¶ 16-24 and page 11, ¶ 53. According to the PSR, defendant falls within Zone A of the Sentencing Table, which specifies that defendant is eligible for a term of probation of at least one year but not more than five years. Id., at page 12, ¶¶ 58-59.

### III.  RECOMMENDATIONS

For the reasons stated below, the government requests that the Court impose a sentence of probation to include community service which is within the sentencing Guideline range as determined in the PSR.

Defendant, Linda Stover pled guilty to one count of one count of Theft or Bribery Concerning Programs Receiving Federal Funds, for her role in a scheme to defraud her employer NIBA and obtain money under its control for her personal benefit. The evidence demonstrates that defendant abused her position to selfishly enrich herself by embezzling in excess of $27,000

from NIBA. This conduct, with its resulting harm to the NIBA was serious conduct that needs to be adequately punished.

In this case, the government is requesting that the Court, grant defendant a two-level decrease for acceptance of responsibility and order that defendant pay restitution. As discussed above, the resulting offense level is 8. With a criminal history category of I, defendant falls within the Guideline sentencing range of 0-6 months. The government further requests that the Court impose a sentence of probation to include community service. In the plea agreement, at page 3, ¶ 4, defendant agreed to pay restitution to the victim of her crime. Consistent with the agreement and the determination of the probation officer, the United States requests that the Court order defendant to pay restitution of $27,343.12 to NIBA. PSR, at page13, ¶ 66.

## IV.  CONCLUSION

WHEREFORE, the government respectfully requests that the Court, grant defendant a two-level decrease for acceptance of responsibility and impose a sentence of probation to include community service.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        United States Attorney

                           /s/
                        RONALD W. SHARPE   D.C. Bar No. 434575
                        Assistant United States Attorney
                        Fraud and Public Corruption Section
                        555 4th Street, N.W., Room 5828
                        Washington, D.C.  20530
                        (202) 353-9460
                        ronald.sharpe@usdoj.gov