IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 06-105 (HHK) | |
| v.                    ) | | |
| ) | | |
| LINDA STOVER          ) | | |
| _____) | | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Linda Stover, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32.  Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Stover asks the Court to sentence her to a period of probation.  Given where Ms. Stover is in her life at this moment, as well as the help she has provided the government during the past two years, a period of incarceration would further none of the purposes of sentencing beyond the infliction of additional punishment.

**BACKGROUND**

On April 27, 2006, Ms. Stover was charged, in a one-count Information, with Theft or Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A).  Ms. Stover pled guilty on May 25, 2006 in accordance with a written plea agreement.   Since the time of her plea, Ms. Stover has provided assistance to the government and complied perfectly with her release conditions.

**DISCUSSION**

**I.     THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound

to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 125 S. Ct. 738, 767 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.    UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. STOVER SHOULD RECEIVE A SENTENCE OF PROBATION.**

A.   Statutory Provisions

Pursuant to the applicable statutes, the maximum term of imprisonment is ten years for this Class C Felony. 18 U.S.C. § 666(a)(1)(A).

B.   Advisory Sentencing Guidelines

_____(I).   *Applicable Guideline Range*

The Probation Office, consulting the 2005 edition of the Guidelines Manual, has concluded that the Total Offense Level in this case is 8 and that Ms. Stover's criminal history category is I, resulting in an advisory Guideline range of 0-6 months.[1]

C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

The crime to which Ms. Stover pled guilty is a serious one. She clearly took advantage of

---

[1] It is counsel's understanding that the government will move the Court for a one-level downward departure. If granted, this motion would result in a total offense level of 7, rather than 8. The new offense level, coupled with the same criminal history category, would yield the same Guideline sentence of 0-6 months.

her position in order to better her own financial situation.  What she did was not only illegal but caused logistical disruption and monetary harm to the non-profit organization for which she worked.

Obviously, Ms. Stover must face the consequences of her actions.  Nonetheless, she does ask the Court to consider the fact that she has encountered no other encounters with the criminal justice system and that she has complied perfectly for the past two years with her release conditions.

*II. Characteristics of the Defendant*

As set forth in the Presentence Investigation Report (hereinafter "PSR"), Ms. Stover is a hard-working individual who has maintained steady and gainful employment since her graduation from high school.[2]  While she encountered emotional challenges that contributed to her commission in the instant offense, she was able to get herself on her feet soon thereafter. Though giving up her baby girl for adoption was the hardest decision Ms. Stover has ever had to make, to her credit she has been able to create and maintain a positive relationship with her child.

In terms of Ms. Stover's attitude surrounding the instant offense, she is both humiliated and ashamed.  Not only did Ms. Stover agree to plea guilty immediately and forego her right to file any pre-trial motions; she agreed to assist the government in further investigations.  As the government is sure to inform the Court, since the time of her arraignment and guilty plea, Ms. Stover has offered her time and assistance on numerous occasions.

---

[2]According to the PSR, in the last 17 years, Ms. Stover has only been unemployed for a period of three months.

*III. Needs of the Community and Public*

For the reasons stated in Section II, a sentence of incarceration is simply not necessary to protect the community and public. Ms. Stover is, and always has been, a productive member of society. She has never hurt anyone and, since the commission of the instant offense, has had no problems whatsoever involving her workplace. Furthermore, she has already proven that she is perfectly amenable to community supervision. In the past two years, in fact, she has been in perfect compliance with her release conditions. What Ms. Stover *can* do for the community is make restitution payments to the Native Indian Business Administration (NIBA). What will enable her to do so as quickly as possible is remaining in the community and maintaining her current employment.

## **CONCLUSION**

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Ms. Stover asks the Court to sentence her to a period of probation. Should the Court do so, it can rest assured that Ms. Stover will meet her obligations both to the Court, NIBA, and the community.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

/s/

_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004

(202) 208-7500 ex.126